Hawkins, J.,
delivered the opinion of the Court.
The defendant was indicted in the Circuit Court of Blount County, under the Act of May 17th, 1865, for robbery. At the May Term, 1866, of said Court, was tried and convicted, under the provisions of the 3d section of said Act, The jury, before whom the *99 defendant was tried and convicted, commuted the punishment to imprisonment in the penitentiary.
The bill of costs was made out, in which the Attorney General for the District was allowed a fee of $10.00. At the succeeding Term of said Court, he moved the Court to correct the taxation of costs, so as to allow him a fee of $20.00. The Court refused to make the correction; and the Attorney General has ■ appealed to this Court.
Section 4542 of the Code, provides, that Attorneys General for each judicial district, are entitled to demand and receive a fee of $20.00, for each conviction, where the punishment is death, and for each conviction for any felony, a fee of $10.00. Section 3d of the Act under which the defendant was indicted, tried and convicted, provides, that “whoever shall feloniously rob another, or steal from his person, shall, on conviction thereof, 'Suffer death by hanging.”
The punishment fixed by law for this offense, is death, and we apprehend there could be no doubt as to the fee to which the District Attorney General would be entitled, but for the further provisions of the same section, which are as follows: “Provided, The jury before whom the offender is tried and convicted, may, if they think proper, commute the punishment to imprisonment in the penitentiary, for a period of not less than two, nor more than twenty-one years.”
The language of this section, it will be observed, is, that the jury “may, if they think proper, commute the punishment,” not that they may fix or declare the punishment for the offense, for that is already fixed, *100 and declared by law to be “death by hanging;” and that is the punishment which the jury may commute, if they think proper.
Section 4601 of the Code, provides that “every person convicted of the crime of murder in the first degree, or is accessory before the fact, to such crime, shall suffer death by hanging.” There can be no doubt but that the District Attorney General is entitled to a fee of $20.00, for each conviction for the crime of murder in the first degree, because the punishment for that offense ■ is death. But section 5257 of the Code, provides, that “the Court may, upon conviction of any person of a capital offense, if. the jury state in their verdict, they are of opinion there are mitigating circumstances in the case, commute the punishment from death, to imprisonment for life in the penitentiary.”
And under section 5252 of the Code, the Grovernor of the State has power to grant reprieves, commutations and pardons, in all criminal cases, after conviction, except treason and impeachment.
It can make no difference whether the power of commutation be exercised by the Grovernor, the Court, or the jury trying the case. The fee of the ' Attorney General does not depend upon the infliction of punishment upon the party convicted, but alone upon the fact of the conviction of the party of an offense, the punishment for which is declared by law to be death. And it is nevertheless a conviction of an offense, the punishment for which is declared by law to be death, because the Governor, under section 5252, *101 or the Court, under section 5257 of the Code, or the jury, trying the case under the third section of the Act of 1865, after conviction, exercise the power of commuting the punishment; and in either case, the district Attorney General is entitled to the same fees to which he would have heen entitled, had the power of commutation not heen exercised. We are, ■ therefore, of opinion the Attorney General is entitled to a a fee of $20.00 in this case, and that the taxation of costs should he corrected.
But it does not appear whether the judgment against the defendant for the costs, rendered at the May Term of the Circuit Court, had heen paid before the making of this motion at the September Term, or not. And inasmuch, as, under section 3211 of the- Code, the defendant, against whom the taxation is asked;, is entitled-to five days’ notice of the application, in case the same has heen paid, this case is remanded to the Circuit Court of Blount County.